**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7436**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WALTER DEOTIS FOSTER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:04-cr-01039-TLW-1)

_____

Submitted:  March 26, 2013        Decided:  April 2, 2013

_____

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Deotis Foster pled guilty, pursuant to a plea agreement, to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and the court sentenced him to 204 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court correctly classified Foster as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2004). Foster was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

We review Foster's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other requirements, the court properly calculates the defendant's advisory Guidelines range. See id. at 49-51. Our review of the record leads us to conclude that the district court did not err by classifying Foster as a career offender. Even absent consideration of his failure to stop for a blue light conviction, Foster had three prior convictions for felony drug offenses and one prior conviction for a crime of violence. See USSG § 4B1.1(a) (requiring defendant have "at least two prior felony convictions of either a crime of violence

2

or a controlled substance offense" to qualify as career offender).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Foster, in writing, of the right to petition the Supreme Court of the United States for further review. If Foster requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Foster.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>